UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CRIMINAL NO.  03-CR-10331 (RGS) |
| ) | |
| v.    ) | VIOLATIONS: |
| ) | |
| 1. IVAN VELEZ    ) | 18 U.S.C. § 1956(h) |
| and    ) | Conspiracy to Commit Money |
| 2. JULIO DANIEL GRANDE,  ) | Laundering |
| ) | |
| Defendants.    ) | 18 U.S.C. § 1957 - |
| ) | Engaging in Monetary Transactions |
| ) | in Property Derived from Specified |
| ) | Unlawful Activity |
| ) | |
| ) | 18 U.S.C. § 2 - |
| ) | Aiding And Abetting |
| ) | |
| ) | 18 U.S.C. § 982 - |
| ) | Money Laundering Forfeiture |
| ) | |

SECOND SUPERSEDING INDICTMENT

COUNT ONE
(18 U.S.C. §§ 1956(h) --
Conspiracy to Commit Money Laundering)

The Grand Jury charges that:

From a time unknown to the Grand Jury, but at least by in or about April 2000, and continuing thereafter until at least May 2004, in Dracut, in the District of Massachusetts, in New York, in Miami, Florida, and in Bogota, Colombia, and elsewhere,

1. IVAN VELEZ,

and

2. JULIO DANIEL GRANDE

the defendants herein, did unlawfully and knowingly combine,

conspire, confederate, and agree with persons known and unknown to the Grand Jury, to commit certain offenses under Title 18, United States Code, Sections 1956 and 1957, as follows:

> (a) to engage in financial transactions affecting interstate commerce and foreign commerce, knowing that the property involved represented the proceeds from some form of unlawful activity, that is, the distribution of controlled substances, and knowing that the transactions were designed, in whole or in part, to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of this specified unlawful activity, that is, the distribution of controlled substances, in violation of 18 U.S.C. 1956(a)(1); and
>
> (b) knowingly to engage in monetary transactions, affecting interstate commerce and foreign commerce, in criminally derived property that was of a value greater than $10,000 in violation of 18 U.S.C. 1957.

### Manner and Means of the Conspiracy

1. It was part of the conspiracy that defendant **JULIO DANIEL GRANDE** accepted the deposit of funds, generally in the form of money orders, which represented the proceeds of a specified unlawful activity, that is the proceeds from the distribution of controlled substances, to conceal and disguise the nature, the location, the source, the ownership, and the

control of these proceeds, into bank accounts controlled by him, including the following bank account:

> JULIO DANIEL GRANDE
> City National Bank
> Account Number 140919417
> 2822 NW 79 Ave., Miami, FL 33122
> Calle 45 A # 2824 Apt. 301
> Santa Fe, Bogota, Colombia
> (hereinafter and for purposes of the entire Indictment the "GRANDE account")

It was also part of the conspiracy that **JULIO DANIEL GRANDE** later transferred the deposits out of these accounts by check, by wire transfer, and by ATM withdrawal.

    a. At all times relevant to the Indictment, **GRANDE** had sole signature authority over the GRANDE account.

    b. At all times relevant to the Indictment, City National Bank was a domestic financial institution within the meaning of Title 31, United States Code, Section 5313(a).

2. It was also part of the conspiracy that **JULIO DANIEL GRANDE** engaged in monetary transactions in criminally derived property that was of a value greater than $10,000.

3. It was also part of the conspiracy that two individuals, OSCAR PATINO and CLAUDIA NAVARRO, engaged in financial transactions with defendant **JULIO DANIEL GRANDE** to conceal or disguise the nature and source of the proceeds of the distribution of controlled substances.

    a. In furtherance of the conspiracy, **GRANDE**

transferred funds, which involved the proceeds of the distribution of controlled substances, from the **GRANDE** account into the following account, in the name of OSCAR PATINO and CLAUDIA NAVARRO, used by OSCAR PATINO and CLAUDIA NAVARRO to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds from the distribution of narcotics:

> Sovereign Bank
> Account #30900001923
> USCL Inc.
> 75 C Street
> Dracut, MA 01826 (hereinafter and for purposes of the entire Indictment the "USCL Account")

    b. In furtherance of the conspiracy, OSCAR PATINO and CLAUDIA NAVARRO also used the following account in their name to conceal and disguise the nature, the location, the source, the ownership, and the control of these proceeds:

> Sovereign Bank
> Account #3090015598
> Claudia Navarro-Montero
> D/B/A Universal De Suministros
> 552 North Avenue
> Weston, MA 02493 (hereinafter and for purposes of the entire Indictment the "Navarro Account")

4.  It was also part of the conspiracy that OSCAR PATINO and CLAUDIA NAVARRO and defendants **JULIO DANIEL GRANDE** and **IVAN VELEZ** engaged in financial transactions to conceal and disguise the nature, the location, the source, the ownership, and the control of proceeds from the distribution of narcotics, transactions

including the following:

    a.  the purchase of goods for third-party Colombian businesses or individuals; and

    b.  payments for these purchases that were made in dollar proceeds that were purchased off the black market and that represented proceeds from the distribution of controlled substances.

5.  It was part of the conspiracy that OSCAR PATINO and CLAUDIA NAVARRO were responsible for arranging payment of an approximately $360,000 debt owed by a Colombian business, Mundo Maquinas for goods purchased.

    a.  In furtherance of the conspiracy, defendant **JULIO DANIEL GRANDE** wrote two checks from the GRANDE account, dated October 19, 2001, in the amounts of $6,379.79 and $6,220.21 respectively, made out to USCL, Inc. These two checks were deposited by OSCAR PATINO into the USCL Account as partial payment for the Mundo Maquinas debt, but were returned by the bank. Subsequently, on November 5, 2001, defendant **JULIO DANIEL GRANDE** wire transferred $12,600 to the USCL account. This wire transfer represented partial payment for the approximately $360,000 debt owed by Mundo Maquinas.

    b.  On May 28, 2004, **JULIO DANIEL GRANDE** admitted to law enforcement that he believed these two checks and wire transfers represented the proceeds from the distribution of

5

controlled substances and that he believed he was laundering these proceeds.

6. It was also part of the conspiracy that **IVAN VELEZ** transferred at least $80,000 in cash, which involved the proceeds of the distribution of controlled substances, to OSCAR PATINO, who then deposited this cash into the USCL and NAVARRO accounts, as partial payment for this same debt for Mundo Maquinas. These proceeds used to pay part of the approximately $360,000 Mundo Maquinas debt from defendants **JULIO DANIEL GRANDE** and **IVAN VELEZ**, were dollar proceeds that were purchased off the black market and that represented proceeds from the distribution of controlled substances.

    a. At all times relevant to the indictment, **IVAN VELEZ** worked at General Express Services, which did business with Mundo Maquinas.

    b. In furtherance of this conspiracy, on or about May 28, 2001, CLAUDIA NAVARRO in Cali, Colombia sent an email to OSCAR PATINO in the District of Massachusetts. In this email, CLAUDIA NAVARRO instructed OSCAR PATINO to pick up $100,000 in cash from a man in Miami, Florida. In the May 28, 2001 email, defendant CLAUDIA NAVARRO also instructed OSCAR PATINO to have the cash put into the USCL Account.

    c. In furtherance of this conspiracy, on or about May 30 and May 31, 2001, OSCAR PATINO flew from Boston, Massachusetts

to Miami, Florida. OSCAR PATINO met defendant **IVAN VELEZ** at General Express Services. **IVAN VELEZ** and OSCAR PATINO then drove to **IVAN VELEZ'** home. At his home, **IVAN VELEZ** gave OSCAR PATINO at least $80,000 in cash. OSCAR PATINO then flew back to Boston, Massachusetts with this cash.

      d.   In furtherance of the conspiracy, from May 28, 2001 to June 4, 2001, OSCAR PATINO structured at least $80,000 of this cash he received from **IVAN VELEZ** into the USCL and NAVARRO accounts, as payment for Mundo Maquinas' debt.

      e.   CLAUDIA NAVARRO stated to law enforcement that according to representatives from Mundo Maquinas, defendant **IVAN VELEZ** arranged, directly or indirectly, for OSCAR PATINO and CLAUDIA NAVARRO to receive cash and money orders as partial payment for this same $360,000 debt for Mundo Maquinas, to further conceal or disguise the nature and source of the unlawful proceeds.

    7.   It was part of the conspiracy that at least $385,000 in money orders that represented narcotics proceeds were deposited into the **GRANDE** account to further conceal or disguise the nature and source of these unlawful proceeds.

      a.   These money orders included the following money orders, which were purchased in New York City in bulk cash of small denominations by two individuals known to be narcotics traffickers:

<mark>April 24, 2001 - Date of Deposit</mark>

| Date | Money Order # | Agent # | Amount |
|---|---|---|---|
| 04/06/01 | 06-260936835 | 162165 | $852.36 |
| 04/05/01 | 06-260460729 | 142993 | $802.50 |
| 04/05/01 | 06-260460777 | 142993 | $759.60 |
| 04/05/01 | 06-260460756 | 142993 | $744.35 |
| 04/05/01 | 06-260460715 | 142993 | $735.88 |
| 04/05/01 | 06-260460731 | 142993 | $701.28 |
| 04/06/01 | 06-260936826 | 162165 | $245.03 |
| 04/05/01 | 06-260460774 | 142993 | $115.25 |
| 04/05/01 | 06-260460737 | 142993 | $100.00 |

**April 25, 2001 - Date of Deposit**

| Date | Money Order # | Agent # | Amount |
|---|---|---|---|
| 04/05/01 | 06-260460788 | 142993 | $115.00 |
| 04/05/01 | 06-260460782 | 142993 | $775.30 |
| 04/05/01 | 06-260460752 | 142993 | $779.60 |
| 04/05/01 | 06-260460730 | 142993 | $197.50 |
| 04/05/01 | 06-260460751 | 142993 | $220.40 |
| 04/05/01 | 06-260460783 | 142993 | $224.70 |
| 04/05/01 | 06-260460776 | 142993 | $240.40 |
| 04/05/01 | 06-260460789 | 142993 | $885.00 |
| 04/05/01 | 06-260460708 | 142993 | $735.12 |
| 04/05/01 | 06-260460738 | 142993 | $900.00 |

**April 26, 2001 - Date of Deposit**

| Date | Money Order # | Agent # | Amount |
|---|---|---|---|
| 04/06/01 | 06-260936842 | 162165 | $213.65 |
| 04/06/01 | 06-260936840 | 162165 | $212.54 |
| 04/06/01 | 06-260936822 | 162165 | $214.53 |
| 04/06/01 | 06-260936844 | 162165 | $214.50 |
| 04/06/01 | 06-260936823 | 162165 | $214.79 |
| 04/05/01 | 06-260460760 | 142993 | $800.00 |
| 04/06/01 | 06-260936843 | 162165 | $524.23 |
| 04/05/10 | 06-260460736 | 142993 | $769.85 |
| 04/06/01 | 06-260936829 | 162165 | $542.33 |
| 04/05/01 | 06-260460778 | 142993 | $540.20 |
| 04/05/01 | 06-260460742 | 142993 | $528.79 |

April 27, 2001 - Date of Deposit

| Date | Money Order # | Agent # | Amount |
|---|---|---|---|
| 04/05/01 | 06-260460761 | 142993 | $250.00 |
| 04/05/01 | 06-260460775 | 142993 | $884.75 |
| 04/06/01 | 06-260936820 | 162165 | $854.62 |
| 04/05/01 | 06-260460706 | 142993 | $528.79 |
| 04/05/01 | 06-260460762 | 142993 | $750.00 |
| 04/05/01 | 06-260460727 | 142993 | $735.88 |
| 04/06/01 | 06-260936837 | 162165 | $210.36 |
| 04/05/01 | 06-260460759 | 142993 | $200.00 |
| 04/06/01 | 06-260936839 | 162165 | $213.00 |
| 04/05/01 | 06-260460735 | 142993 | $230.15 |

b. On May 28, 2004, **JULIO DANIEL GRANDE** admitted to law enforcement that he received these money orders from narcotics traffickers and he believed these money orders represented proceeds from the distribution of controlled substances.

c. In furtherance of the conspiracy, money orders received by OSCAR PATINO and deposited into the USCL and NAVARRO account, as partial payment for the $360,000 Mundo Maquinas debt, included money orders purchased in New York City by the same two individuals known to be narcotics traffickers.

8. From approximately September 2002 to November 2003, **JULIO DANIEL GRANDE** withdrew approximately $64,000 that he believed was the proceeds from the distribution of controlled substances, from ATMs in Colombia.

9. It was also part of the conspiracy that **JULIO DANIEL GRANDE** was in control of his wife, Luisa Fernanda GORDILLO's,

account as follows to conceal and disguise the proceeds of the distribution of controlled substances:

> Washington Mutual
> Luisa Fernanda GORDILLO
> Daniel Grande
> Account # 389-205591-0
> 17096 Collins Avenue, Apt. D308
> Sunny Isles Beach, Florida 33160
> (hereinafter and for purposes of the entire Indictment the "GORDILLO account")

a. At all times relevant to the Indictment, City National Bank was a domestic financial institution within the meaning of Title 31, United States Code, Section 5313(a).

10. It was part of the conspiracy that at least $22,000 in money orders that represented narcotics proceeds were deposited into the GORDILLO account to further conceal or disguise the nature and source of these unlawful proceeds.

a. GRANDE wrote two checks from the GORDILLO account to the USCL account, which PATINO deposited into the USCL account as partial payment for Mundo Maquinas' debt.

b. On May 28, 2004, **JULIO DANIEL GRANDE** admitted to law enforcement that the money orders he deposited into the GORDILLO account was also from narcotics traffickers and he believed these money orders represented proceeds from the distribution of controlled substances.

All in violation of Title 18, United States Code, Section 1956(h).

<u>COUNT TWO</u>
(18 U.S.C. §§ 1957--Engaging in Monetary Transactions in Property
Derived from Specified Unlawful Activity;
18 U.S.C. § 2--Aiding and Abetting)

The Grand Jury further charges that:

On or about November 5, 2001, in the District of Massachusetts, and in Bogota, Colombia, and elsewhere,

**JULIO DANIEL GRANDE**

defendant herein, did knowingly and intentionally engage and attempt to engage and did aid, abet, counsel, command, induce and procure and cause the engaging and attempts to engage in the following monetary transactions by, through and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the wire transfer of $12,600, such property having been derived from a specified unlawful activity, that is, narcotics trafficking, from the **GRANDE** account into the USCL account.

All in violation of Title 18, United States Code, Sections 1957 and 2.

11

## 18 USC § 982--MONEY LAUNDERING FORFEITURE ALLEGATION

The Grand Jury further charges that:

1.  As a result of the offenses alleged in Counts One through Two as to defendant **JULIO DANIEL GRANDE**, charging violations of Title 18, United States Code, Sections 1956(h) and Section 1957.

>   1. IVAN VELEZ,
>      and
>   2. JULIO DANIEL GRANDE,

defendants herein, if convicted, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), the following property:

A) All right, title, and interest in any and all property, real or personal, involved in each offense in violation of Title 18, United States Code, Section 1956(h) or Section 1957, for which that defendant is convicted, and all property traceable to such property, including, but not limited to: i) all money or other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956 and 1957; ii) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and iii) all property used in any manner or part to commit or to facilitate the commission of those violations;

B)  A sum of money equal to the total amount of money

involved in each offense, or conspiracy to commit such offense, for which the defendant is convicted. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable for the amount involved in such offense.

2. If any of the forfeitable properties, as described in paragraph 1, above, as a result of any act or omission of any defendant --

    (A) cannot be located upon the exercise of due diligence;

    (B) have been transferred or sold to, or deposited with, a third person;

    (C) have been placed beyond the jurisdiction of the Court;

    (D) have been substantially diminished in value; or

    (E) have been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §853(p), incorporated by 18 U.S.C. §982(b)(1) and (2), to seek forfeiture of any other property of the defendants up to the value of the property described in paragraph 1, above

    All in violation of Title 18, United States Code, Section 982(a)(1).

## NOTICE OF ADDITIONAL FACTORS

1.   The Grand Jury further charges that defendant **IVAN VELEZ** is responsible for $400,000 to $1,000,000 in laundered funds. Accordingly, U.S.S.G. Sections 2S1.1(a)(2) and 2B1.1(b)(1)(h) applies to this defendant.

2.   The Grand Jury further charges that defendant **JULIO DANIEL GRANDE** is responsible for $400,000 to $1,000,000 in laundered funds. Accordingly, U.S.S.G. Sections 2S1.1(a)(2) 2B1.1(b)(1)(h) applies to this defendant.

3.   The Grand Jury further charges that defendant **IVAN VELEZ** knew or believed that the laundered funds were the proceeds of or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance or listed chemical. Accordingly, U.S.S.G. Section 2S1.1(b)(1) applies to this defendant.

4.   The Grand Jury further charges that defendant **JULIO DANIEL GRANDE** knew or believed that the laundered funds were the proceeds of or were intended to promote an offense involving the manufacture, importation, or distribution of a controlled substance or listed chemical. Accordingly, U.S.S.G. Section 2S1.1(b)(1) applies to this defendant.

5.   The Grand Jury further charges that the offense charged in Count One involved sophisticated laundering. Accordingly,

U.S.S.G. Section 2S1.1(b)(3) applies to both defendants.

    6.  The Grand Jury further charges that the offense charged in Count One involves a violation of 18 U.S.C. 1956. Accordingly, U.S.S.G. Section 2S1.1(b)(2)(B) applies to both defendants.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY


_____
Cynthia W. Lie
ASSISTANT U.S. ATTORNEY


DISTRICT OF MASSACHUSETTS                         September 2, 2004


    Returned into the District Court by the Grand Jurors and filed.

_____
                     Deputy Clerk

16

**Criminal Case Cover Sheet**                                    **U.S. District Court - District of Massachusetts**

| | | |
|---|---|---|
| Place of Offense: | Category No. __II__ | Investigating Agency __ICE/IRS__ |
| City __Boston__ | Related Case Information: | |
| County __Suffolk__ | Superseding Ind./ Inf. __Yes__ | Case No. __03CR10331RGS__ |
| | Same Defendant __X__ | New Defendant _____ |
| | Magistrate Judge Case Number __03-886-MBB__ | |
| | Search Warrant Case Number _____ | |
| | R 20/R 40 from District of _____ | |

**Defendant Information:**

Defendant Name __IVAN VELEZ__     Juvenile [ ] Yes  [X] No

Alias Name _____

Address __4831 NW 112 Court, Miami, FL__

Birth date: __1970__   SS#: _____   Sex: __F__   Race: __Hispanic__   Nationality: __Colombian__

Defense Counsel if known: __Percy Martinez__   Address: __2 Alhambra Plaza__
                                                         __Suite 801; Coral Gables, FL__

Bar Number: _____

**U.S. Attorney Information:**

AUSA __Cynthia W. Lie__     Bar Number if applicable _____

Interpreter: [X] Yes  [ ] No   List language and/or dialect: __Spanish__

Matter to be SEALED: [ ] Yes  [X] No

[ ] Warrant Requested     [X] Regular Process     [ ] In Custody

**Location Status:**

Arrest Date: __4/6/04__

[ ] Already in Federal Custody as _____ in _____.
[ ] Already in State Custody _____  [ ] Serving Sentence  [ ] Awaiting Trial
[X] On Pretrial Release:  Ordered by __Miami court__ on __4/9/04__

Charging Document:  [ ] Complaint   [ ] Information   [X] Indictment

Total # of Counts:  [ ] Petty ____   [ ] Misdemeanor ____   [x] Felony __1__

Continue on Page 2 for Entry of U.S.C. Citations

[x]   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: __9/2/04__     Signature of AUSA: _____

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy  _____

Name of Defendant    IVAN VELEZ

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1956(h) | conspiracy to money launder | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: _____

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |
|---|---|

Place of Offense: Massachusetts    Category No. _____    Investigating Agency  CUSTOMS

City   Dracut

County   Middlesex

Related Case Information:
Superseding Ind./ Inf.   Yes         Case No.   03-CR-10331
Same Defendant   X          New Defendant   X
Magistrate Judge Case Number   04-MJ-00849-MBB
Search Warrant Case Number
R 20/R 40 from District of

**Defendant Information:**

Defendant Name   Julio Daniel Grande          Juvenile   ☐ Yes   ☒ No

Alias Name

Address   Calle 45 A # 2824 Apt. 301, Santa Fe, Bogota, Colombia

Birth date (Year only):  1955   SSN (last 4 #): _____   Sex  M   Race: Hispanic   Nationality:  Colombian

Defense Counsel if known:   Miriam Conrad         Address:  U.S. Federal Defender Office
                                                                 408 Atlantic Avenue, Boston

Bar Number:

**U.S. Attorney Information:**

AUSA   Cynthia W. Lie          Bar Number if applicable

Interpreter:   ☒ Yes   ☐ No       List language and/or dialect:   Spanish

Matter to be SEALED:   ☐ Yes   ☒ No

☐ Warrant Requested       ☒ Regular Process       ☐ In Custody

**Location Status:**

Arrest Date:   5/28/04

☐ Already in Federal Custody as _____ in _____.
☐ Already in State Custody _____       ☐ Serving Sentence   ☐ Awaiting Trial
☒ On Pretrial Release:   Ordered by   Bowler          on   7/30/04

Charging Document:   ☐ Complaint   ☐ Information   ☒ Indictment
Total # of Counts:   ☐ Petty   ☐ Misdemeanor   ☒ Felony   2

Continue on Page 2 for Entry of U.S.C. Citations

☒   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date:  9/4/04         Signature of AUSA:

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**   Julio Daniel Grande

## U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 1956 | Conspiracy to money launder | 1 |
| Set 2  18 USC 1957 | Engaging in monetary transactions | 2 |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:** _____

Grande JS45.wpd - 1/15/04 (USAO-MA)