

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*    *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 4, 2005

**VIA FACSIMILE**
Page Kelley
Federal Defender's Office
408 Atlantic Avenue
3rd Floor
Boston, MA 02110

Re: <u>United States v. Julio Grande 03-CR-10331 (RGS)</u>

Dear Ms. Kelly:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, ("Defendant"), in the above-captioned case. The Agreement is as follows:

1. <u>Change of Plea</u>

At the earliest practicable date, or on such date as is set by the Court, Defendant will plead guilty to the following counts of the Second Superseding Indictment:

COUNT ONE    (18 U.S.C. § 1956(h) - Conspiracy to Commit Money Laundering by:
(a) engaging in financial transactions knowing that the property involved represented the proceeds from some form of unlawful activity, that is, the distribution of controlled substances, and knowing that the transactions were designed, in whole or in part, (i) to conceal and disguise the proceeds of this specified unlawful activity and (ii) to avoid

>                    a transaction reporting requirement under
>                    federal law in violation 18 U.S.C. § 1956;
>                    and by;
>            (b)     knowingly engaging in monetary transactions
>                    in criminally derived property that was of a
>                    value greater than $10,000 in violation 18
>                    U.S.C. § 1957.)

COUNT TWO           (18 U.S.C. § 1957 - Engaging in Monetary
                    Transactions in Property Derived from a Specified
                    Unlawful Activity, that is narcotics trafficking);

Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in Counts One through Two of the Second Superseding Indictment, and is in fact guilty of those offenses.

2. <u>Penalties</u>

Defendant faces a maximum statutory term of imprisonment of twenty years, a maximum fine of $500,000 or twice the value of the funds involved in the money laundering, whichever is greater, a maximum statutory term of three years supervised release, and a $100.00 special assessment, on Count One.

Defendant faces a maximum statutory term of imprisonment of ten years, a maximum fine of $250,000 or twice the value of the funds involved in the money laundering, whichever is greater, a maximum statutory term of three years supervised release, and a $100.00 special assessment, on Count Two.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum and mandatory minimum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by <u>United States v. Booker</u> and <u>United States v. Fanfan</u>, ____ U.S. ___ , 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United

States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines, which positions are based on the November 2002 Sentencing Guidelines:

- (a) BASE OFFENSE LEVEL FOR COUNT ONE: The parties agree to take the position that Defendant has a base offense level of 8, pursuant to U.S.S.G. § 2S1.1(a)(2), plus an additional 12 levels based on the value of the laundered funds, which is between $200,000 and $400,000, pursuant to U.S.S.G. §§ 2B1.1(b)(1)(G) and 2S1.1(a)(2).

- (b) SPECIFIC OFFENSE CHARACTERISTICS FOR COUNT ONE:

    (i) The parties agree to take the position that the proceeds attributed to Defendant are drug proceeds, which results in an increase of 6 levels, pursuant to U.S.S.G. § 2S1.1(b)(1).

    (ii) The parties agree to take the position that because Defendant is convicted under 18 U.S.C. § 1956, he is subject to an increase of 2 offense levels, pursuant to U.S.S.G. § 2S1.1(b)(2)(B).

    (iii) The parties agree to take the position that this results in an offense level of 28.

- (c) GROUPING: The parties agree that since the 18 U.S.C. § 1956(h) violation charged in Count One results in the highest offense level, and since the violations charged in Count One stem from the same financial criminal activity as Count Two, the 18 U.S.C. § 1957 violation, Count Two is grouped under Count One pursuant to 3D1.2(d).

- (d) ACCEPTANCE OF RESPONSIBILITY: Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level, pursuant to U.S.S.G. § 3E1.1. The parties agree to

take the position that this results in a three level reduction from the offense level of 28 and results in an offense level of 25.

    (e)    MINOR/MINIMAL ROLE - Defendant reserves the right to argue that the Court reduce by two levels or four levels Defendant's adjusted offense level pursuant to § 3B1.2 of the Sentencing Guidelines. The U.S. Attorney will oppose any reduction to Defendant's adjusted offense level for minor or minimal role.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

    (a)    Fails to admit a complete factual basis for the plea;

    (b)    Fails to truthfully admit his conduct in the offenses of conviction;

    (c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (d)    Fails to provide truthful information about his financial status;

    (e)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (f)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the

4

     administration of justice under U.S.S.G. § 3C1.1;

 (g) Intentionally fails to appear in Court or violates any condition of release;

 (h) Commits a crime;

 (i) Transfers any asset protected under any provision of this Agreement; and/or

 (j) Attempts to withdraw his guilty plea.

 Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

 Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

 4. <u>Sentence Recommendation</u>

 The U.S. Attorney agrees to recommend the following sentence before the District Court:

 (a) A sentence of imprisonment at the low end of the applicable Guideline Sentencing Range as determined by the Court, but if the Court determines an offense level of less than 25, the U.S. Attorney will recommend a sentence within the applicable Guideline Sentencing Range;

 (b) A fine within the applicable fine range under the Sentencing Guidelines, unless the Court finds, pursuant to U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

 (c) A term of supervised release of 3 years, with the special condition Defendant does not possess a firearm or dangerous weapon;

 (d) A mandatory special assessment of $200.00.

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than fourteen (14) days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least fourteen (14) days before sentencing shall be deemed waived.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $ 5,000;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $ 2,000 per month; and

(3) Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of

Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. Waiver of Rights to Appeal and to Bring Collateral Challenge

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues; and

(2) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to this agreement.

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant agrees not to seek to be sentenced or resentenced with the benefit of any successful collateral challenge of any counseled criminal conviction that exists as of the date of this Agreement.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the

District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

    8.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

    8.    <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

    9.    <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

    10.    <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court

for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Cynthia W. Lie.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Laura Kaplan
Laura J. Kaplan, Chief
Violent & Organized Crime Section

Cynthia W. Lie
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
DANIEL JULIO GRANDE
Defendant

Date: _____

I certify that DANIEL JULIO GRANDE has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
PAGE KELLEY, Esq.
Attorney for Defendant

Date: 10/15/05