IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIO GRANDE<br>   Petitioner/Defendant<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>   Plaintiff/Respondent. | )<br>)<br>)  CRIMINAL NO. 03-CR-10331-RGS<br>)<br>)<br>)<br>)<br>) |

### MOTION FOR SENTENCE ADJUSTMENT

**COMES NOW**, Julio Grande, "hereinafter" as Defendant/Petitioner. A deportable alien who was convicted of engaging in monetary transactions in property derived from specified unlawful activity and conspiracy to commit money laundry. Defendant was sentenced to 40 Months Imprisonment, and is presently Incarcerated at Reeves County Detention Center, Pecos, Texas.

Because of his status as a deportable alien, Defendant was Inelegible to reveive the rewards which are offered for the residential drug abuse program (DAP). Also Defendant can not receive a timely half-way house release program offered to U.S. Citizens.

This places Defendant/Petitioner to serve longer sentence, and under more severe conditions than those facing U.S. Citizens under similar circumstances. "Collateral Consequences" are not part of the judgement of conviction and not impossed upon defendant for the purpose of punishing him.

The issue presented by this motion is whether unusually harsh collateral consequences that are visited by law upon a defendant as a result of his conviction may provide a basis for

mitigating the penal sanction that would otherwise be required by the sentencing guidelines. **U.S. V. Restrepo 802 F.supp 781 (E.D.N.Y. 1992).**

The petitioner ineligibility for this significant reduction of sentence in prison derives from a **Public Security Factor,** or **"PSF"** designation by the Bureau of Prisons after sentencing. This signifies that Defendant's Incarceration "requires increased security measures to ensure the protection of society". This designation which renders a prisoner ineligible to serve his sentence in a minimum security prison or at a half-way house, is reserved for offenders with conviction for serious or repetitive crimes of violent, sex offenders whose current offense or prior history involves aggressive behaviour, offenders whose current offenser or prior history Indicates a significant threat to a goverment official or those who have ten years or more remainig on their sentence.

Solely because of Petitioner status as a deportable alien, the Defendant is incarcerated in a privately run facility with inadequate Educational, Vocational, Medical or Recreational program. Furthermore, the defendant's sentence is being served under more severe condition than those faced by a U.S. Citizen, who commit the same identical offense, with similar sentence, in violation of the Eight Amendment prohibition of cruel and unusual punishment. Also this unduly harsh punishment is a violation of defendant's guaranteed due process and equal protection right under the Fifth and Fourteenth Amendment of the United States Constitution. These Constitutional respect for all persons

whithin the territorial jurisdiction of the United States is without regard to any difference of race, color or of national origin.

Petitioner will also requires further incarceration in an INS detention facility for a period between 60-90 days upon completion of his sentence, while he awaits deportation proceedings that should have been done undertaken while he was serving his prison sentence.

## CONCLUSION

For the foregoing reason, the petitioner Julio Grande respectfully prays that this Honorable court grant him a reduction in sentence of six months.

DATE: APRIL 10 2008

Respectfully Submitted,

JULIO GRANDE
Reg.No: 70896-004
R.C.D.C. II D1
P.O. BOX 1560
Pecos, TX 79772

## CERTIFICATE OF SERVICE

I hereby certify that the above motion was mailed by United States mail, First class, postage prepaid, on April 10, 2008, to the following:

Assistant United States Attorney
1 Courthouse Way
Boston, MA 02210