```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA         )
                                 )
     V.                          )  CRIMINAL NO. 03-10331-RGS
                                 )
JULIO GRANDE,                    )
        Defendant.               )
```

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR SENTENCE ADJUSTMENT

The United States of America respectfully submits this memorandum in response to the defendant Grande's ('Grande') pro-se motion for Sentence Adjustment.  Although not specifically cited his motion, Grande challenges the constitutionality of his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255").  Grande also challenges the constitutionally of his sentence under the Eighth Amendment right against cruel and unusual punishment.  Grande has requested a six month downward adjustment to his forty month sentence of imprisonment.[1]

The government asserts Grande is procedurally time barred from filing a § 2255 petition as judgment on his sentence had been entered more than one year prior to the filing of this motion.  The government also disagrees with Grande's contention that he is entitled to a [further] downward adjustment based on

---

[1] This Court sentenced Grande to a 40 month term of imprisonment which was below the Presentence Report guideline calculations of 57-71 months.  In the present motion, defendant Grande is requesting a further downward departure.

his status as a deportable alien.  Further, there has been no violation of Grande's Eighth Amendment rights.  For all the reasons set forth herein, Grande's motion is wholly without merit and should be summarily dismissed.

**(1)  Procedural Background**

On or about September 2, 2004, a federal grand jury returned a two count superceding indictment against Grande, charging him with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 and engaging in monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957.  On October 13, 2005, this Honorable Court held a Rule 11 hearing, at which Grande pled guilty to both counts of the second superceding indictment.  Further, there was a plea agreement entered into between the parties in this case and filed with the court also on October 13, 2005.[2]  Grande filed a sentencing Memorandum on January 17, 2006.  This Court held a sentencing hearing on January 31, 2006.  At the sentencing hearing, the Court accepted the Presentence Report completed by the U.S. Probation Office and adopted the calculations therein

---

[2]  The plea agreement included a section relative to waiver of rights to appeal and to bring a collateral challenge. Specifically, the defendant waived his right to appeal or collaterally challenge the "imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney pursuant to [this] agreement".  (See § 7 of plea agreement 'Waiver of Rights to Appeal and to Bring Collateral Challenge').

which included a Total Offense Level of 25 and a Criminal History Category of I for Grande.  The guideline range was 57-71 months which included a three level reduction for acceptance of responsibility.  The Court sentenced Grande to a below guidelines sentence of a term of imprisonment of 40 months, followed by a two year term of supervised release on count 1 and the same periods of imprisonment and supervised release on count two to be served concurrently with count 1.  The Court entered the order of judgment on February 13, 2006.  Defendant Grande has been represented by counsel throughout this process.

**(2)   28 U.S.C. § 2255 Standard of Proof**

Grande bears the burden of establishing the need for relief under 28 U.S.C. § 2255.  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  Specifically, Grande must establish that his conviction was imposed in violation of the Constitution of laws of the United States involving a "fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inadvertent with the rudimentary demands of fair procedure."  Hill v. United States, 368 U.S. 424, 428 (1962); United States v. Addonozio, 442 U.S. 178, 185 (1979).  To obtain relief under § 2255, a petitioner "must clear a significantly higher hurdle than would exist on direct appeal."  United States v. Frady, 456 U.S. 152, 166 (1982); see also Bousley v. United States, 523 U.S. 614, 621 (1998) ("[h]abeas review is an

extraordinary remedy and will not be allowed to do service for an appeal")(internal quotations omitted).

In light of this heavy burden of proof, evidentiary hearings are the rare exception, not the rule.  See United States v. McGill, 11 F.3d 233, 225 (1st Cir. 1993); United States v. Mala, 7 F.3d 1058, 1062 (1st Cir. 1993); United States v. Tardiff, 969 F.2d 1283, 1286 (1st Cir. 1992); United States v. DeCologero, 821 F.2d 39, 44 (1st Cir. 1987).  As stated by the First Circuit, "in most situations, motions can be 'heard' effectively on the papers, with the parties submitting evidentiary proffers by means of affidavits, documentary exhibits, and the like."  McGill, 11 F.3d at 225 (citing Aoude v. Mobil Oil Corp., 862 F.2d 890, 894 (1st Cir. 1988)); DeCologero, 821 F.2d at 44.  As such, a petitioner seeking an evidentiary hearing must demonstrate a need for special treatment.  McGill, 11 F.3d at 225; United States v. Panitz, 907 F.2s 1267, 1273-74 (1st Cir. 1990).

As Grande has failed to meet his burden, his motion should be denied.

**(3) Pursuant to 28 U.S.C. § 2255, defendant Grande is time barred from filing this motion based on the one year statute of limitations**

Pursuant to the language enunciated in 28 U.S.C. § 2255, "a 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of the date on which the judgment of conviction becomes final" (See 28

U.S.C. § 2255(1)). In the present case, this Honorable Court entered an order of Judgment as to defendant Grande on February 13, 2006. Defendant Grande filed his pro-se motion for sentence adjustment on April 14, 2008, which was just over twenty six months after the judgment was entered. As he failed to raise these claims within one year of the date the judgment was entered, Grande is time barred from filing this § 2255 motion.

**(4) Grande is procedurally barred from asserting this claim**

On January 17, 2006, Grande, through his attorney, filed a Sentencing Memorandum with the Court. In it, he acknowledged that due to his immigration status [as a deportable alien], he would be ineligible for a halfway house or a lower security penal institution. (See Defendant Grande's Sentencing Memorandum, page 5).

Having made this argument in his sentencing memorandum, Grande could have asserted this claim on direct appeal. No such appeal was filed. Grande is therefore barred from re-litigating this issue without a showing of cause and prejudice. See United States v. Frady, 456 U.S. 152, 165 (1982) (collateral attack under § 2255 is not a substitute for direct appeal); Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994)(holding "[a] nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances"); Elwell v. United States, 95

F.3d 1146 (1996)(ruling § 2255 petitioner "is not entitled to relitigate issues that could have been raised on direct appeal, but were not, absent a showing of cause excusing the default and actual prejudice resulting from the error of which he complains"(unpublished opinion).

   Grande has not, and cannot, carry his burden of showing such cause and prejudice.  Nothing in the instant § 2255 motion addresses this issue.  Therefore, he is procedurally barred from asserting it on collateral review.

   **(5)   Defendant's Status as a Deportable Alien**

   In his motion for sentence adjustment, Grande requests a downward departure based on his status as a deportable alien. (See Grande's pro se Motion for Sentence Adjustment). Specifically, Grande argues that a departure is warranted because, as a deportable alien, he is ineligible to receive rewards which he contends are offered for a residential drug abuse program and because he is ineligible to serve part of his sentence at a half-way house release program, and will likely face an additional period of custody while awaiting deportation. (See Grande's Motion for Sentence Adjustment pages 1, 3). Grande's motion is devoid of any statutory authority to review his sentence.

   As previously stated herein, in his sentencing memorandum, Grande requested a departure based in part on his status as a deportable alien.  (See Defendant Grande's Sentencing Memorandum, page 5.) Also in that memorandum, Grande acknowledged that due to

his immigration status he would be ineligible for a halfway house or a lower security penal institution. (See Defendant Grande's Sentencing Memorandum, page 5). However, he now asserts that this ineligibility is a basis for a [further] sentence reduction. This argument is without merit.

A district court may depart from the Guidelines only in the "highly infrequent" event that a case falls outside of the heartland. United States v. Clase-Espinal, 115 F.3d 1054, 1057 (1st Cir. 1997); See also United States v. Koon, 518 U.S. 81, 92 (1996). Because the Sentencing Commission knows that "deportable aliens commit crimes" and because "the common facts of a long sentence and likely deportation are not by themselves extraordinary," deportable alien status in and of itself does not remove a defendant from the 'heartland' of the guidelines. United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001).

While deportable alien status alone is not a permissible basis for downward departure, some courts have acknowledged the availability of such a downward departure where the adverse collateral consequences of being an incarcerated deportable alien are sufficiently severe and atypical. However, no severe and atypical consequences existed in the present case. See, e.g., United States v. Veloza, 83 F.3d 380, 383 (11th Cir. 1996) (defendant's claim that he would be ineligible to serve his sentence in a minimum security facility and ineligible for a halfway house did not make his case unusual and thus did not warrant a departure); and United States v. Restrepo, 999 F.2d 650, 644 (2nd Cir. 1993)(the unavailability of preferred

conditions of confinement, the possibility of an additional period of detention after the sentence, and the separation from family in the United States due to deportation were not effects that were sufficiently beyond the ordinary to warrant a downward departure).

Grande, however, simply fails to assert any adverse collateral consequences of being an incarcerated deportable alien that are sufficiently severe and atypical to take him out of the "heartland."  Instead, Grande advances the same arguments that were considered and rejected by the courts in Veloza and Restrepo.

**(6) There is no violation of defendant Grande's Eighth Amendment Right against cruel and unusual Punishment**

Defendant Grande also contends that his sentence 'is a violation of the Eighth Amendment prohibition of cruel and unusual punishment' (See Grande's Motion for Sentence Adjustment pages 2).  There has been no violation of this right.  The Eighth Amendment protects against the infliction of "cruel and unusual punishments."  U.S. Const. Amend. VIII.  As a general matter, prohibited punishments include those which "involved the unnecessary and wanton infliction of pain."  Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976)(quoting Gregg v. Georgia, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976)).  Also See Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)(Court held that only those conditions depriving inmates of

"the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation). The Eighth Amendment "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. at 349, 101 S.Ct. At 2400. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. At 347, 101 S.Ct. At 2399; Shakka v. Smith, 71 F.3d 162, 166 (4th Cir.1995)(citing Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Due to his alien status, Grande is not allowed to participate in a halfway house and faces deportation. Grande is not being denied a basic human need or deprived of the minimal civilized measure of life's necessities. See Wilson v. Seiter, 501 U.S. 294, 305 (1991). Further, 18 U.S.C. § 3624(c) does not mandate federal prisoners' pre-release to a halfway house. Therefore, Grande's continued confinement in an actual prison facility, as opposed to pre-release to a halfway house for the remainder of his sentence, does not equate an excessive sentence in violation of the Eighth Amendment. See Crahan v. Adams, 2004 WL 4020190 (unpublished District Court case from WV). There has been no violation of Grande's Eighth Amendment right.

9

**(7) Conclusion**

For the foregoing reasons the Government respectfully requests this Honorable Court deny defendant Grande's motion for sentence adjustment.

                            Respectfully submitted,

                            Michael J. Sullivan
                            United States Attorney


                    By:   /s/ Suzanne Sullivan
                            Suzanne Sullivan
                            Assistant U.S. Attorney


**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

| | |
|---|---|
| Page Kelley, Esquire | Julio Grande |
| Federal Defender's Office | Reg. No. 70896-004 |
| 408 Atlantic Avenue, 3rd fl | R.C.D.C. II D1 |
| Boston, MA 02110 | P.O. Box 1560 |
| | Pecos, TX 79772 |

This 2nd day of May, 2008.

                            s/ Suzanne Sullivan
                            Suzanne Sullivan
                            Assistant U.S. Attorney